UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI ESSEILY,

    Plaintiff,

v.

    Case No. 07-12586

    HONORABLE DENISE PAGE HOOD

HONORABLE JOHN MURPHY and
HEMMING, POLACZYK, CRONIN
SMITH, WITTHOFF & BENNETT, P.C.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT HEMMING, POLACZYK, CRONIN SMITH, WITTHOFF & BENNETT, P.C.'S MOTION TO DISMISS

### I. INTRODUCTION

This matter is before the Court on Defendant Hemming, Polaczyk, Cronin, Smith, Witthoff & Bennett, P.C.'s ("Hemming's") Rule 12(b)(6) Motion to Dismiss [Docket No. 7, filed August 21, 2007]. Plaintiff filed a Response on August 28, 2007. A hearing for Defendant's motion was held on November 14, 2007.

### II. STATEMENT OF THE FACTS

This case arises out of two earlier suits. Plaintiff, a gas station owner, filed the first suit in the Eastern District of Michigan against the City of Garden City ("Garden City"). In the first suit, Plaintiff alleged that Garden City's plan to repair the road in front of his gas station lasted much longer than he had been told, and, as a result, damaged his business. The repair project started in 1998 and was completed in 2000. The first suit was dismissed with prejudice on May 24, 2005 by Judge Nancy G. Edmunds, because it lacked merit and was barred by the applicable

statute of limitations.[1]

Plaintiff filed a second suit in state court, raising the same claims he did in the first suit, against Garden City, Garden City Downtown Development Authority ("Garden City DDA"), and Wayne Oakland Contracting, Inc. ("Wayne Contracting"). The second suit, filed in June 2006, was dismissed with prejudice on October 12, 2006 by Judge John Murphy of the Wayne County Circuit Court under the doctrine of claim preclusion. Hemming, the defendant in the instant suit, represented Garden City DDA and Wayne Contracting in the second suit.

### III. STANDARD OF REVIEW

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate where a plaintiff cannot establish any set of facts that would entitle him to the relief sought. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). In ruling on a Rule 12(b)(6) motion, a court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). To withstand dismissal under Rule 12(b)(6), a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988).

### IV. APPLICABLE LAW & ARGUMENT

---

[1] The instant case may be companion to Judge Edwards' case number 04-72196, but is not so designated.

The Court cannot fully decipher the arguments set forth in the Complaint.[2] It appears that Plaintiff alleges that Hemming "mislead the Court" by filing various motions for its clients in the two earlier suits. (Compl., at 1.) The statements proffered by Plaintiff at the hearing confirm the Court's reading of the Complaint. Plaintiff's statements at the hearing suggest that he brought this suit against Hemming, because Hemming – in the zeal of representing its clients (Garden City DDA and Wayne Contracting) in the second suit – mislead Judges Edwards and Murphy.

The Complaint, even if construed in a light most favorable to Plaintiff, does not state a claim upon which relief can be granted, because it does not set forth "allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid*, 859 F.2d at 436. The Complaint contains neither a viable legal theory nor allegations, direct or indirect, to support any theory against Hemming. As Hemming correctly argues in its Motion to Dismiss, Plaintiff has failed to set forth any specific cognizable allegations of wrongdoing against Hemming in the Complaint; Plaintiff only names Hemming in the case caption. Accordingly, the Court grants Defendant's Motion to Dismiss.[3]

**V. CONCLUSION**

---

[2]The Court relies upon Plaintiff's Wayne County Circuit Court Complaint ("WC Complaint"), a typewritten document, to glean the allegations set forth in the instant Complaint, a handwritten document. The WC Complaint alleges, among other things, that Garden City, Garden City, Garden City DDA, and Wayne Contracting built a wall around Plaintiff's gas station without his consent, and that the wall caused him to lose business and customers. (Dkt. #1, at 6.)

[3]Although not raised in Defendant's Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(1) also provides a basis to dismiss Plaintiff's claim. Rule 12(b)(1) provides defendants with a vehicle to challenge subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Here, the Court lacks subject matter jurisdiction, because the Rooker-Feldman doctrine precludes lower federal from reviewing state court judgments. *Raymond v. Moyer*, 501 F.3d 548, 550-51 (6th Cir. 2007). Because Plaintiff's claim is essentially a request to review a prior state court decision, the Court lacks subject matter jurisdiction to hear it. *See id.* Insofar as Plaintiff was unsatisfied with Judge Murphy's opinion, Plaintiff had the opportunity to challenge the opinion by availing himself of the state court appeal process.

IT IS HEREBY ORDERED that Defendant Hemming's Motion to Dismiss **[Docket No. 7, filed August 21, 2007]** is GRANTED.

IT IS FURTHER ORDERED that Defendant's Complaint **[Docket No. 1, filed June 14, 2007]** against Defendant Hemming, Polaczyk, Cronin, Smith, Witthoff & Bennett, P.C. is DISMISSED with prejudice.

                         s/ DENISE PAGE HOOD
                         DENISE PAGE HOOD
                         United States District Judge

DATED: January 9, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Ali Esseily, 7640 Manor, Dearborn, MI 48126 on January 9, 2008, by electronic and/or ordinary mail.

                         S/William F. Lewis
                         Case Manager